UNITED STATES of America, Appellant,

v.

BUFFALO COAL MINING COMPANY, Inc., et al., Appellees,

BUFFALO COAL MINING COMPANY, Inc., et al., Cross-Appellants.

v.

UNITED STATES of America, Cross-Appellee.

No. 19206.

United States Court of Appeals Ninth Circuit.

May 7, 1965.

**518**

John W. Douglas, Asst. Atty. Gen., Alan S. Rosenthal, Max Wild, Attys., Dept. of Justice, Washington, D. C., Warren C. Colver, U. S. Atty., Anchorage, Alaska, for appellant and cross-appellee.

Richard O. Gantz, Anchorage, Alaska, for appellees and cross-appellants.

Before CHAMBERS, MERRILL and KOELSCH, Circuit Judges.

PER CURIAM.

Petitioner Nesbett raises several points in urging the court to grant a rehearing. Some reflect a misunderstanding of the rationale or a fundamental disagreement with the opinion, which no amount of explanation will remedy. Points One and Three fall in that category. We confer no "preferred status" on the government in contractual relationships, but state the obvious when we point out that RFC's refusal to make full disbursement was "fully in accord with federal policy which requires the protection of the security of federal investments * * *." And when such action is legally justified, as we found it to be, the government or any private party may take similar action. Nor did we rewrite the agreement, as petitioner apparently believes. Rather, we accepted petitioner's understanding of the agreement but concluded on the facts in the record that RFC was legally excused from further performance. And RFC's past performance was legally sufficient to invoke liability on the guarantees to the extent of the loss. Petitioner's remaining point is of greater ingenuity. Citing Restatement, Contracts, § 228 (1932), he maintains that the purpose of the loan was to rehabilitate the mine, that this purpose was "frustrated" by an "unknowable condition without fault on the part of * * * Nesbett * * *" and that he should therefore " * * * be deemed discharged from his obligation."

Let us fully grant that a party should not be bound by a contract, the purpose of which is frustrated by an unforeseeable supervening event. But let us also recognize that each party to a contract undertakes certain risks; otherwise a party could escape liability for every "bad bargain" on the ground that the contractual purpose was frustrated. The question then becomes, how do we determine when the parties should remain bound? The answer is that the parties should be bound unless their contractual purpose was frustrated by a completely unforeseeable cause. And the test of foreseeability should be an objective one; not a subjective inquiry into the state of mind of the parties. Here the mine failed, principally because the tunneling proved far more difficult than expected. Nesbett says that this was an "unknowable" condition, and perhaps it was, in a subjective sense. But it nonetheless seems well within the range of risks assumed by a mining entrepreneur. That true, it is likewise true as to a guarantor whose liability is derivative. When failure within the limits of the original loan becomes a foregone conclusion, it should surprise no one that liability accrues under the guarantees which, after all, were designed to ameliorate such a possibility.

The petition for rehearing is denied.